UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GABRIELLE SIDER

VERSUS

JEFFERSON PARISH HOSPITAL
SERVICE DISTRICT NO. 2

CIVIL ACTION

NO. 17-14527

SECTION "R" (3)

## ORDER AND REASONS

Before the Court is defendant's motion to dismiss.[1]  For the following reasons, the Court grants the motion.

## I.     BACKGROUND

This case arises out of claims of employment discrimination.[2] According to the complaint, Plaintiff Gabrielle Sider began working with Defendant Jefferson Parish Hospital Service District No. 2 in February 2016 as a medical assistant.[3]  Plaintiff alleges that she requested a pay raise in May 2016 after reaching full-time employee status, but defendant did not provide her with the full-time employee pay rate.[4]  Plaintiff further alleges that, between September 2016 and June 2017, defendant created a hostile work

---

[1]     R. Doc. 6.
[2]     R. Doc. 1.
[3]     *Id.* at 2 ¶ 10.
[4]     *Id.* at 2-3 ¶¶ 11-12.

environment and "harassed her when it created a rift between Plaintiff and [her] co-workers, lodged unjustified write-ups, denied Plaintiff applicable pay, and forced [P]laintiff to undertake responsibilities of other co-workers."[5] In June 2017, plaintiff allegedly filed a formal complaint with defendant's compliance hotline.[6] Plaintiff asserts that she was fired the day after making this complaint.[7]

On December 4, 2017, plaintiff filed suit for damages under Title VII of the Civil Rights Act.[8] The complaint alleges that defendant unlawfully retaliated against plaintiff by discharging her after she filed a formal complaint.[9] Plaintiff further alleges that defendant harassed her and created a hostile work environment.[10] Defendant now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).[11]

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[5]     *Id.* at 3 ¶ 13.
[6]     *Id.* at ¶ 14.
[7]     *Id.* at ¶ 15.
[8]     R. Doc. 1.
[9]     *Id.* at 3-4 ¶¶ 25-26.
[10]    *Id.* at 4 ¶ 27.
[11]    R. Doc. 6.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

The complaint asserts that defendant created a hostile work environment and unlawfully retaliated against plaintiff in violation of Title VII.[12] Title VII prohibits an employer from discriminating against any individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Plaintiff alleges that defendant engaged in "discriminatory actions."[13] But the complaint does not allege that plaintiff belongs to a protected class or that she was discriminated against because of her "race, color, religion, sex, or national origin." *Id.*

Plaintiff thus fails to state a claim for a hostile work environment. "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at *discrimination* because of sex" or another protected characteristic. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (internal quotations and alterations omitted); *see also Hernandez v. Yellow Transportation, Inc.*, 670 F.3d 644, 651-54 (5th Cir. 2012). Here, the complaint fails to articulate any connection between a protected class and defendant's alleged harassment. *See Hiner v. McHugh*,

---

[12] R. Doc. 1 at 3-4.
[13] *Id.* at 3 ¶ 22.

546 F. App'x 401, 408 (5th Cir. 2013). Accordingly, plaintiff's hostile work environment claim must be dismissed.

Plaintiff similarly fails to state a claim for unlawful retaliation because she has not alleged facts to indicate that she engaged in protected activity. "A Title VII retaliation plaintiff must establish that: (1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015) (internal citation omitted). An employee has engaged in protected activity if "[s]he has opposed any practice made an unlawful employment practice" by Title VII or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" Title VII. 42 U.S.C. § 2000e-3(a). "The first of these is known as the 'opposition clause;' the second as the 'participation clause.'" *EEOC v. Rite Way Servs., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016).

Plaintiff alleges that she was fired after filing a formal complaint with defendant's compliance hotline.[14] Such a complaint could constitute opposition to an employment practice. "But the opposition clause does not require opposition alone; it requires opposition *of a practice made unlawful*

---

[14] *Id.* at ¶¶ 14-15.

by *Title VII.*" *Id.* at 240 (emphasis in original). For her hotline complaint to qualify as protected activity, plaintiff must show that she had a reasonable belief that the employment practice she complained about violated Title VII. *See id.* at 237; *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.3d 1130, 1140 (5th Cir. 1981). Because the complaint includes no allegations that plaintiff experienced discrimination because of her protected class, plaintiff has not pleaded sufficient facts to indicate that she had a reasonable belief that the conduct she complained about violated Title VII.

Further, the complaint does not suggest that plaintiff engaged in protected activity under the "participation clause." Plaintiff asserts that she filed charges of discrimination with the Louisiana Commission on Human Rights and the Equal Employment Opportunity Commission.[15] But plaintiff does not allege that she was retaliated against because of these administrative charges. The complaint instead indicates that plaintiff was fired after filing a complaint with defendant's internal compliance hotline.[16] An internal complaint to an employer does not qualify as protected activity under the "participation clause." *See Cuellar v. Sw. Gen. Emergency Physicians, PLLC*, 656 F. App'x 707, 709 (5th Cir. 2016); *Rite Way Servs.,*

---

[15]     *Id.* at 2 ¶ 8.
[16]     *Id.* at 3 ¶¶ 14-15.

*Inc.*, 819 F.3d at 239 n.2.  Because plaintiff fails to plead facts to show that she engaged in protected activity, she has not stated a claim for unlawful retaliation under Title VII.

In her response to defendant's motion to dismiss, plaintiff asserts that she has a claim under the Equal Pay Act.[17]  But the Equal Pay Act is not mentioned in the complaint.  And plaintiff has pleaded no facts to suggest that she was paid less than a comparable employee of the opposite sex.  *See Fields v. Stephen F. Austin State Univ.*, 611 F. App'x 830, 831-32 (5th Cir. 2015); *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993).  Accordingly, the complaint fails to state a claim under Title VII or the Equal Pay Act and must be dismissed.

Plaintiff requests leave to amend her complaint.[18]  The Court will "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).  The Court

---

[17]    R. Doc. 9 at 2.

[18]    *Id.* at 2-3.

considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.  Plaintiff has not previously amended her complaint, and the Court finds no evidence of undue delay, bad faith, or dilatory motive.  Nor is it clear that amendment would be futile.  The Court therefore grants leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED.  Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff has 21 days to amend her complaint.  Failure to timely amend will result in dismissal of the complaint with prejudice.


New Orleans, Louisiana, this __18th__ day of April, 2018.


_____
          SARAH S. VANCE
     UNITED STATES DISTRICT JUDGE